Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 1478 | DATE | 6/10/2003 |
| CASE TITLE | Kathleen Ashley vs. Connecticut General Life Ins Co. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Third party defendant Billman's motion to remand is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: LG

Date/time received in central Clerk's Office

JUN 11 2003

Document Number 12

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN ASHLEY, | ) | **DOCKETED** |
| | ) | JUN 1 1 2003 |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CONNECTICUT GENERAL LIFE | ) | No. 03 C 1478 |
| INSURANCE CO., | ) | Judge John W. Darrah |
| | ) | |
| Defendant/Counter-Plaintiff/ | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PAULINE R. BILLMAN and | ) | |
| LYNN M. MCDONALD, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## MEMORANDUM ORDER AND OPINION

Plaintiff, Kathleen Ashley ("Ashley"), brought suit against Defendant, Connecticut General Life Insurance Co. ("CGLIC"), in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, seeking a declaration as to Plaintiff's rights as to certain life insurance proceeds. CGLIC moved to remove the case to this Court on the basis of diversity and subsequently filed a counterclaim against Ashley and a claim as Third-Party Plaintiff against Pauline R. Billman ("Billman") and Lynn M. McDonald. Presently before the Court is Third-Party Defendant Billman's Motion to Remand the case to the Illinois court.

In considering a motion to remand, the court's focus is limited to its authority to hear the case pursuant to the removal statute, 28 U.S.C. § 1441. *American Inmate Phone Sys. Inc. v. U.S. Sprint Communications Co.*, 787 F.Supp. 852, 854 (N.D. Ill. 1992). Whether removal was proper is

1

determined from the record as a whole. *Kennedy v. Commercial Carriers, Inc.*, 739 F.Supp. 406, 409 (N.D. Ill. 1990). The party seeking to preserve the removal bears the burden of establishing that the District Court has jurisdiction. *Jones v. General Tire and Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976). If the Court determines that it does not have jurisdiction, then it must remand the case to state court. *Commonwealth Edison Co. v. Westinghouse Elec. Co.*, 759 F.Supp. 449, 452 (N.D. Ill. 1991).

The record supports the following summary of the relevant facts.

Prior to his death on June 4, 2002, Thomas McDonald purchased a life insurance policy ("Policy") from CGLIC. Ashley alleges that, prior to Mr. McDonald's death, he named Ashley as the sole beneficiary of the Policy. On Feburary 3, 2003, Ashley filed a Complaint for Declaratory Judgment in Illinois state court, requesting an order declaring that Ashley is entitled to the proceeds of the Policy.

On February 27, 2003, CGLIC filed a Notice of Removal in this Court. On February 28, 2003, CGLIC filed a Counterclaim against Ashley, along with a Third-Party Complaint against Billman and Lynn M. McDonald in this Court. CGLIC's Third-Party Complaint sought, *inter alia*, an injunction to prevent Billman and Lynn M. McDonald from instituting or prosecuting any action against CGLIC. CGLIC's Third-Party Complaint alleged that Billman is Thomas McDonald's surviving parent and was designated by Mr. McDonald as a beneficiary of the Policy on June 1, 1976. Billman allegedly "has notified CGLIC that she contests the payment of the Decedent's life insurance policy to anyone other than herself." CGLIC also states that Lynn M. McDonald is a former wife of Mr. McDonald and also was designated as a beneficiary of the Policy on June 1, 1976. Lynn M. McDonald's location and remaining rights under the Policy are unknown.

Billman argues in her Motion to Remand that, but for CGLIC's removal of the case to federal court, she would have been joined as a defendant in the state court because she is a "necessary party." She observes that, had she been joined as a defendant in the state court, then her consent would have been necessary for removal to federal court. Therefore, she argues, now that she has been brought in as a Third-Party Defendant, the Court should treat her as though she had been joined

as a Defendant and remand the case to state court because of her lack of consent to removal.

Billman also points out that Ashley filed a "companion case" in Illinois court against another company for a declaration as to her rights to certain annuity contracts. In that case, Ashley joined Billman as a defendant, to enjoin Billman from taking actions to impose a constructive trust over the annuity contracts, because Billman had filed an action in a Nevada court attempting to do so. Billman asserts that the factual issues in this other case and the case before this court are "identical"; and, therefore, she should be treated as a defendant in this case just as in the other case.

It is true that, in order to remove a case from state court to federal court, all defendants must join in a removal petition or consent to the removal. *See Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 368 (7th Cir. 1993). However, in general, the removal statutes apply only to defendants, not to third-party defendants. *See, e.g., Thomas v. Shelton*, 740 F.2d 478, 487-488 (7th Cir. 1984); 16 *Moore's Federal Practice* § 101.11[1][b] (Matthew Bender 3d ed.) ("[T]hird-party defendants are not *defendants* within the meaning of the removal statute.").

Billman cites a single case in her brief for the proposition that, under § 1448, a defendant named in the underlying state court action who was subsequently served only after removal could move to remand to state court. (Mot. Remand ¶ 12 (citing *Hutchins v. Priddy*, 103 F. Supp. 601 (W.D. Miss. 1952).) Contrary to Billman's assertion that *Hutchins* is slightly different than the circumstances in the case at bar, the instant case is *entirely* different because Billman was not named as a defendant in the underlying state court action, which is the threshold issue in determining the applicability of § 1448.

Billman's argument that she *would have been* a defendant in the state court is mere speculation and hardly sufficient to justify treating her as a defendant. That Billman was joined in a separate case involving another company on a different obligation is similarly irrelevant.

Because Billman was not a defendant in this case in the state court, she had no right to removal under 28 U.S.C. § 1441. Therefore, her consent was not required for the actual defendant in this case, CGLIC, to remove to federal court; and her lack of consent to removal as a third-party

3

defendant does not entitle her to remand the case now. For these reasons, Billman's Motion to Remand is denied.

Dated: June 10, 2003

JOHN W. DARRAH
United States District Judge